**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jareth IBARRA–ZARATE, Defendant—
Appellant.**

No. 05–50324.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2006.*

Filed Feb. 28, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  FED. R.APP. P. 34(a)(2).

Stephen M. Miller, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Debra R. Torres–Reyes, Esq., San Diego, CA, for Defendant–Appellant.

Before: NOONAN, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM **

Jareth Ibarra–Zarate appeals his convictions following a jury trial for bringing in an illegal alien for financial gain and bring-

ing in an illegal alien without presentation in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (iii). We affirm.

**█ 1.** Ibarra–Zarate first contends that the government violated the anti-gratuity statute, 18 U.S.C. § 201(c)(2), by offering his codefendant a reduced sentence in exchange for her testimony against him. We have rejected the claim that § 201(c)(2) is violated when the government offers immunity or leniency at sentencing to a cooperating witness in exchange for his testimony. *See United States v. Mattarolo*, 209 F.3d 1153, 1160 (9th Cir.2000); *United States v. Smith*, 196 F.3d 1034, 1038–40 (9th Cir.1999). To the extent that Ibarra–Zarate argues that the immigration benefits conferred on the material witness violate § 201(c)(2), that claim has also been previously rejected by this court. *See United States v. Feng*, 277 F.3d 1151, 1154 (9th Cir.2002). Accordingly, Ibarra–Zarate's claim regarding the anti-gratuity statute is foreclosed.

**█ 2.** There is sufficient evidence to sustain the jury's guilty verdicts on both counts of conviction. Substantial evidence was presented at trial concerning the material witness's status as an alien who lacked authorization to enter the United States. There was also sufficient evidence from which the jury could infer that Ibarra–Zarate had the criminal intent to violate the immigration laws as well as the requisite knowledge that the material witness lacked prior authorization to enter the country. Ibarra–Zarate's sufficiency of the evidence claim thus amounts to a complaint that the jury credited the codefendant's testimony that Ibarra–Zarate was aware that the material witness was concealed in the dashboard instead of Ibarra–Zarate's testimony to the contrary.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

When reviewing the sufficiency of the evidence, we "must respect the exclusive province of the jury to determine credibility of witnesses." *United States v. Boone,* 951 F.2d 1526, 1536 (9th Cir.1991). There was, therefore, sufficient evidence of the requisite mens rea.

■ Ibarra–Zarate also claims that the government failed to introduce sufficient evidence of personal financial gain to support the jury's verdict under § 1324(a)(2)(B)(ii). The district court properly instructed the jury that it could find financial gain under either the theory that, as a principal, Ibarra–Zarate acted for his own financial gain or under the theory that he aided another individual in committing the crime for a pecuniary motive. *See United States v. Munoz,* 412 F.3d 1043, 1046–47 (9th Cir.2005); *United States v. Tsai,* 282 F.3d 690, 697 (9th Cir. 2002). There was sufficient evidence to convict under either alternative. The jury heard testimony that Ibarra–Zarate expected to receive the van in return for driving across the border. Also, the codefendant testified that she was to receive $100 for her role in the smuggling operation.

Taking "the evidence in the light most favorable to the prosecution," we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, we reject Ibarra–Zarate's sufficiency of the evidence challenge.

■ 3. Finally, Ibarra–Zarate raises for the first time on appeal the contention that certain testimony and argument concerning the physical condition of the material witness should have been excluded under Federal Rule of Evidence 403 because its prejudicial content substantially outweighed its probative value. Because he failed to object to this evidence at trial, our review is for plain error. We can only grant relief if it is "highly probable that the error materially affected the verdict." *United States v. Chang,* 207 F.3d 1169, 1175 (9th Cir.2000) (internal quotation marks omitted).

■ Even assuming that the references should have been excluded under Rule 403, *see United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098–99 (9th Cir. 2005), any error in this regard is insufficient, in light of the substantial evidence of Ibarra–Zarate's guilt, to warrant reversal under the plain error standard of review. *See id.* at 1102 (finding such error harmless in light of overwhelming evidence of guilt). For the same reason, it was not plain error to instruct the jury on the question of whether Ibarra–Zarate's actions caused a substantial risk of death or serious bodily injury.

**AFFIRMED.**